Jones, J.
 

 In the suit for alimony filed by Sadie Sponseller on November 22, 1912, the court heard the case on the issues joined, found that the plaintiff was a bona fide resident of the county, and that there was a separation of the wife from the husband “in consequence of ill treatment on his part against her.” The court thereupon awarded her alimony under Section 11998, General Code,
 
 *399
 
 decreeing that the wife should “have and possess as and for alimony the equal one undivided third part” of the premises described. There is no doubt, in the judgment of this court, that the decree entered by the court in the former alimony case was a decree by the consent of the parties. The phrase “agreement of the parties” is twice used in the journal entry. However, it is claimed by plaintiff in error that the court had no jurisdiction to render any decree, since the closing words thereof stated that “all charges made by either party against the other are withdrawn.” There may be some doubt as to whether said charges so withdrawn do not relate to the charges of infidelity, as it appears from the journal entry that the court in fact heard the case upon the pleadings and evidence and found that there was a separation because of ill treatment on the part of the husband. Even if the journal entry should be construed as withdrawing all charges made by either party, it at least discloses that it was an agreed entry whereby the parties settled the case by agreeing that the wife should “have and possess as and for alimony the equal one undivided third part” of the premises described.
 

 The court having jurisdiction in the alimony case, both of the subject-matter and of the parties, had the right to enter the decree it did. The decree having been made by the agreement of the parties was an adjudication as effective as if the merits had been tried, and was not subject to collateral attack. "Where the court has jurisdiction of both the subject-matter and the parties, and a consent decree has been entered by the
 
 *400
 
 court, such a decree is not even subject to direct attack, except for irregularity or fraud in its procurement. In
 
 Harding
 
 v.
 
 Harding,
 
 198 U. S. 317, 335,
 
 25
 
 Sup. Ct., 679, 684 (49 L. Ed. 1066), Mr. Justice White quotes the following principle, as sustained by a large number of authorities therein cited:
 

 “Decrees so entered by consent cannot be reversed, set aside, or impeached by bill of review or bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not, in fact, given, or something was inserted as by consent that was not consented to.”
 

 If the decree of November 27, 1912, was not obtained by consent, or was procured by fraud, the husband had ample authority to have such consent expunged by the court during the term, or the entry vacated or modified after the term by a direct attack, under Sections 11631 and 11635, General Code. It is not necessary to refer to the large number of authorities supporting the principle announced as to the effect and validity of judgments by agreement. These are collated in the numerous text-books relating to that subject, among which we find the following rule stated:
 

 “Courts have the general power of entering judgment by consent of the parties, and a judgment may properly be entered by a court for the purpose of carrying out a settlement and compromise of a suit. * * * In one sense consent to the entry of a judgment appears to give it greater force than ordinary judgments. This is due to the fact that consent excuses errors and operates to end all controversy between the parties. In
 
 *401
 
 spite of the foregoing peculiarities of judgments by consent, the law has been broadly laid down that as between parties
 
 sui juris,
 
 and in the absence of fraud, a judgment or decree of a court having jurisdiction of the subject-matter, and rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted facts and due consideration thereof by the court.” 15 Ruling Case Law, pp. 643-646.
 

 The question we have here was featured and queried in the case of
 
 Olney
 
 v.
 
 Watts,
 
 43 Ohio St.. 499, 3 N. E., 354. There the husband attempted to obtain a modification of a former alimony decree. It appeared that there had been a consent decree whereby the wife released all her interest in her husband’s real estate in consideration of the payment to her of alimony in certain amounts decreed by the court. However, the decree itself was not before the court in that case. In remanding the case, the judge delivering the opinion said at page 508 (3 N. E., 356):
 

 “If, however, it shall, in the further progress of the case, appear that the former decree, instead of being in the nature of alimony payable in installments for the support of the wife, was in the nature of a permanent division of the husband’s property, and that the parties fixed the same by their own agreement, and the action of the court in the premises was simply an affirmance of the agreement by consent, this, if alleged and proved,
 
 *402
 
 may furnish a complete defense. As to that we express no opinion now.”
 

 Substantially the same arguments as are now urged by counsel for plaintiff in error were made in the case of
 
 Julier
 
 v.
 
 Julier,
 
 62 Ohio St., 90, 56 N. E., 661, 78 Am. St. Rep., 697. Julier’s wife had obtained a divorce for his aggression on a petition containing a prayer for general relief. An agreement with respect to alimony had been made between the husband and wife, where, in consideration of sums paid to her, the wife released her dower in the husband’s real estate. The jurisdiction of the court to render the decree relating to the release of dower was contested, for the reason that the wife’s dower right was not the subject-matter before the court for adjudication. The court held that under her prayer for general relief it was empowered to adjust the rights of the parties in respect to alimony, and, in the course of the opinion, Williams, J., said, at page 111 (56 N. E., 664):
 

 “It appears to be well settled that in awarding the alimony, the court may, in its discretion, and generally will, confirm and carry into effect by its decree, any agreement which the parties have entered into concerning the same, that the court deems just and reasonable, and in doing so, may adjudge the conveyance of real property by one to the other, in pursuance of such agreement.”
 

 However, there is another reason why this judgment should be affirmed. Even if it be conceded that the husband had a right to make a collateral attack upon the consent decree obtained in November, 1912, it is obvious, under this record and
 
 *403
 
 the finding of the Court of Appeals on appeal, that the plaintiff in error cannot prevail. It seems that the Court of Appeals heard the issue whether the decree was made without notice to the defendant or with the consent of the parties, and found in favor of the wife upon that issue. The evidence given by the wife, supported by that of her son and two of her daughters, tended to prove that the former alimony case was called by the court, and the evidence of the plaintiff submitted therein; that at the close of the plaintiff’s testimony a settlement was arrived at between the parties and their counsel, whereby marital relations were to be resumed upon the condition and understanding that the husband was to give to the wife an undivided one-third of the property and to keep and educate the children; and that the trial judge was informed of this agreement prior to the making of the decree. After the making of that settlement and the resumption of marital relations on the part of the husband and wife, if this testimony be true, the present contention of plaintiff in error evinces an attempt upon his part to deny the wife the fruits of the compromise after she has in good faith carried out her agreement by resuming her marital relations with him.
 

 Under the authority of the principle announced in
 
 Sanborn
 
 v.
 
 Sanborn,
 
 106 Ohio St., 641, 140 N. E., 407, the husband is clearly estopped from questioning the validity of the consent agreement in this proceeding. It is conceded that after the agreement was made the parties lived together as husband and wife for nearly eight years. Should there be a future separation between this husband
 
 *404
 
 and wife, wherein alimony may again be prayed for, a court would.no doubt give consideration to tbe extent of alimony allowed and approved in tbe former decree.
 

 Tbe judgment of tbe Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day and Allen, JJ., concur.
 

 Matthias, J., concurs in propositions 1 and 2 of tbe syllabus-, and in tbe judgment.
 

 Wanamaker, J., not participating.