MILLER–FINOCCHIOLI, Appellee,

v.

MENTOR LANDSCAPES & SUPPLY COMPANY, INC.; Hutson, Appellant.

[Cite as *Miller–Finocchioli v. Mentor Landscapes & Supply Co., Inc.* (1993), 90 Ohio App.3d 815.]

Court of Appeals of Ohio,
Lake County.

No. 93–L–008.

Decided Oct. 4, 1993.

*William F. Fudale,* for appellee.

*Susan J. Hutson, pro se.*

---

NADER, Judge.

This is an appeal from the order of the Lake County Court of Common Pleas finding appellant, Susan J. Hutson, in contempt of court for failure to comply with a prior judgment entered by the court upon a settlement agreement.

On October 7, 1991, Susan L. Miller–Finocchioli filed this action alleging breach of an employment contract. Named as defendants in the action were her former employer, Mentor Landscapes and Supply Co., Inc. ("Mentor Landscapes"), and its alleged officers and owners: appellant, her husband Patrick Burrier, and her mother-in-law Pauline Burrier. Other than the pleadings and matters pertaining to the witnesses to be produced at trial, no other activity is reflected in the record until September 23, 1992.

On that date, a journal entry was filed declaring the action settled and dismissed. The entry reflects judgment against Mentor Landscapes and against Patrick Burrier individually. The causes of action against appellant and Pauline Burrier were dismissed. Judgment in the amount of $10,000 was to be secured by a mortgage on certain real property, and the owner of the property (unspecified) was ordered to execute a mortgage of $10,000 in favor of the plaintiff, to secure said judgment. The agreed judgment was signed by counsel and all of the parties, including appellant.

Shortly thereafter, appellant's counsel informed plaintiff's counsel by letter that appellant was the title owner of the property subject to the consent order and that she would not mortgage the property as specified in the order.

On December 11, 1992, the plaintiff filed a motion to show cause why appellant and her husband should not be held in contempt. An oral hearing on the matter was held on January 13, 1993. The judgment entry reads in part:

"The court further finds that the owner of the [subject] property * * * is defendant, Susan Hutson.

"The court further finds that the defendant, Susan J. Huston [*sic*], has failed to sign the mortgage deed and in open court was given the opportunity to sign the mortgage deed in compliance with the settlement agreement whereupon she refused."

Appellant was found in contempt of court and ordered to be held by the county sheriff until such time as she agreed to comply with the terms of the consent judgment. This court, upon motion, stayed the execution of this order pending this appeal.

Appellant presents a single assignment of error:

"Court attempted to take Defendant–Appellant's property without due process of law and when she refused she was jailed for contempt [*sic*]."

Appellant states that, because the consent judgment dismissed her from the case, requiring her to sign a mortgage on her property for the debt of another is a violation of due process. We construe appellant's argument to be that a finding of contempt for the refusal to comply with a void order contravenes

notions of fundamental fairness. The premise for this argument is that the provision in the consent decree, dismissing the claims against appellant, which were set forth in the complaint, removed her from the jurisdiction of the court, thereby rendering void the subsequent provisions in the decree pertaining to her and her property.

■ A court has authority under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its lawful orders with contempt proceedings. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870. R.C. 2705.02 reads, in material part, as follows:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;"

A court of common pleas, being a court of general jurisdiction, also has the inherent power to enforce its lawful orders by way of proceedings in contempt, such power being necessary to the exercise of judicial functions. *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363.

"Therefore, since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge. *United States v. United Mine Workers of America* (1947), 330 U.S. 258, 303 [67 S.Ct. 677, 701, 91 L.Ed. 884, 918]." *Id.,* 36 Ohio St.3d at 16, 520 N.E.2d at 1364.

■ However, the order sought to be enforced through contempt proceedings must be one which the court had jurisdiction to issue, both as to the subject matter, and as to the persons to be bound. See *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 593 N.E.2d 1379; *Sponseller v. Sponseller* (1924), 110 Ohio St. 395, 399, 144 N.E. 48, 49; *Second Natl. Bank of Sandusky v. Becker* (1900), 62 Ohio St. 289, 56 N.E. 1025; see, also, *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100.

The judgment sought to be enforced in the instant case was entered upon the settlement of the parties. The settlement agreement specifies that the business property, which is titled in appellant's name, would be used to satisfy the judgment on the claims against her husband and the business. Appellant agreed to secure this obligation by promising to execute a mortgage on the property in favor of the plaintiff.

■ A court of general jurisdiction is not necessarily barred from entering judgment on a consent decree merely because the decree provides broader relief

than the court could have awarded after trial. See *Local No. 93, Internatl. Assn. of Firefighters, AFL–CIO C.L.C. v. Cleveland* (1986), 478 U.S. 501, 526, 106 S.Ct. 3063, 3077, 92 L.Ed.2d 405, 426. This is true because, in addition to the law which forms the basis of the claim, it is the parties' consent which animates the legal force of the consent decree. *Id.* Thus, the trial court could properly incorporate into its judgment the promise of appellant, as a party in the action, to subject her property to the debt of her husband and the business.

In exchange for appellant's binding promise, the litigation was terminated, and the claims against appellant were dismissed. This latter portion of the contract between the parties, dismissing the claims against appellant, must be read in concert with the other mutually dependent obligations created by the settlement agreement, and the agreement as a whole should be construed, if possible, so as to give full effect to each part. See, generally, *Ohio Historical Soc. v. Gen. Maintenance & Eng. Co.* (1989), 65 Ohio App.3d 139, 144, 583 N.E.2d 340, 343; *Mon–Rite Constr. Co. v. Northeast Ohio Regional Sewer Dist.* (1984), 20 Ohio App.3d 255, 259, 20 OBR 317, 321, 485 N.E.2d 799, 802. This court concludes that, in exchange for dismissing the claims against appellant as set forth in the plaintiff's complaint, the decree simultaneously created a new obligation, which, by the agreement of the parties, was to be enforceable by the court. Thus, there is no merit to the contention that by dismissing the claims, the court was deprived of jurisdiction to record in the same entry appellant's obligation to execute a mortgage in favor of plaintiff. In contrast, the settlement agreement did not impose any duties on Pauline Burrier, and, accordingly, the dismissal of the causes of action against her operated as a dismissal of her person from the action.

The Ohio Supreme Court has addressed a similar situation in a suit for alimony. In *Sponseller v. Sponseller* (1924), 110 Ohio St. 395, 144 N.E. 48, the court stated:

"There is no doubt, in the judgment of this court, that the decree entered by the court in the former alimony case was a decree by the consent of the parties. The phrase 'agreement of the parties' is twice used in the journal entry. However, it is claimed by plaintiff in error that the court had no jurisdiction to render any decree, since the closing words thereof stated that 'all charges made by either party against the other are withdrawn.' * * * Even if the journal entry should be construed as withdrawing all charges made by either party, it at least discloses that it was an agreed entry whereby the parties settled the case by agreeing that the wife should 'have and possess as and for alimony the equal one undivided third part' of the premises described.

"The court having jurisdiction in the alimony case, both of the subject-matter and of the parties, had the right to enter the decree it did." *Id.* at 399, 144 N.E. at 49.

In the instant case, the trial court had jurisdiction over the subject matter and over the parties in the underlying action. The consent decree was a lawful order of the court. Personal jurisdiction of appellant was obtained in the contempt proceedings, and appellant was provided notice and an opportunity to be heard. We perceive no constitutional or statutory infirmity in the trial court's actions.[1]

Appellant summarily asserts in her appellate brief that she was coerced into signing the settlement. However, appellant neither appealed the consent judgment, nor sought relief from that judgment.

The Supreme Court has held, with respect to settlement agreements:

"In order to effect a rescission of a binding settlement agreement entered into in the presence of the court, a party must file a motion to set the agreement aside; and, in the absence of such motion, a trial court may properly sign a journal entry reflecting the settlement agreement." *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, paragraph two of the syllabus. See, also, *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902.

This court entertained an appeal from a trial court judgment entered after an oral hearing on a motion to enforce settlement in *Phillips v. Yellow Freight Sys., Inc.* (Jan. 25, 1991), Trumbull App. No. 89-T-4217, unreported, 1991 WL 6016. In *Phillips*, a consent judgment had been entered dismissing the case; however, one of the parties refused to comply with its terms and argued at the hearing and on appeal that her attorney did not have authority to settle her claim. This court noted that the complaining party had not appealed the entry of judgment dismissing her claim. See *Kelley v. Kelley* (1991), 76 Ohio App.3d 505, 602 N.E.2d 400. Further, citing *Spercel, supra,* it was found that the proper means by which to challenge the dismissal was by initiating an action to vacate or set aside the entry or the underlying settlement agreement. See, also, *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 16 OBR 111, 474 N.E.2d 676. This court stated in *Phillips:*

"It is clear that the trial court properly enforced the settlement agreement because appellants never filed a motion to set the agreement aside."

---

1. However, we note that the trial court had jurisdiction over the subject property, and when faced with appellant's refusal to execute the mortgage, had available to it the option of causing the judgment entry in the original action to become a judgment lien upon the property, and thus a basis *in rem* for foreclosure against the subject property without more.

Additionally, if at the contempt hearing appellant presented evidence supporting the claimed basis for vacating the consent judgment, we are unable to review the evidence as there is no transcript or record of the proceedings below. It is an appellant's obligation to provide a record which exemplifies the claimed error, and in the absence of such evidence, this court will presume the regularity of the proceedings below. *Ostrander v. Parker–Fallis* (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363; *Bucary v. Rothrock* (July 13, 1990), Lake App. No. 89–L–14–046, unreported, 1990 WL 99942.

Accordingly, we conclude that the trial court did not abuse its discretion in finding appellant in contempt for refusing to abide by the terms of the consent judgment. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.