This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Bryan Soinski appeals from a judgment of the Akron Municipal Court. We affirm.
Appellee Summa Health System ("Summa") filed a complaint in the trial court, naming Soinski as defendant. Summa alleged that Soinski was liable for the cost of medical care given to Soinski's minor daughter. Soinski answered. On March 10, 1997, a journal entry was filed, under which the parties agreed that Soinski was liable to Summa in the amount of $5,555.58. Soinski was to pay $50 each month; while he made payments, no interest would accrue. The journal entry was signed by the trial court judge, Summa's attorney, and Soinski. Soinski then filed a notice of appeal from said judgment.
On appeal, Soinski argues that his minor daughter has agreed to repay the judgment owed to Summa and that she should be held liable.[1] His contentions are not well taken. It is clear from the record that Soinski agreed to the judgment rendered in the trial court. "Where the court has jurisdiction of both the subject-matter and the parties, and a consent decree has been entered by the court, such a decree is not even subject to direct attack, except for irregularity or fraud in its procurement."Sponseller v. Sponseller (1924), 110 Ohio St. 395, 399-400. Nothing before us indicates that the trial court lacked jurisdiction or that fraud or irregularity marked the proceedings. Absent a showing of any of these circumstances, Soinski's arguments must fail.
The judgment of the Akron Municipal Court is affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
SLABY, P.J., WHITMORE, J., CONCUR
[1] We note that Soinski's brief does not comply with the requirement of App.R. 16 and Loc.R. 7 of this court. However, we will address the merits of Soinski's appeal in the interest of justice.