I respectfully dissent with the opinion of the majority for a variety of reasons. First, the majority specifically concludes that under the provisions of the 1992 consent judgment, the trial court abused its discretion in failing to find appellee in contempt. Then, at the conclusion of the opinion, the majority indicates that it is unable to determine exactly what the provisions were from the 1992 entry. As a result, the majority remanded the matter for the trial court to give its reasons for its finding. I find that action to be contradictory to the majority's conclusion that a finding of contempt should have been made.
The next issue is the majority's determination that the 1998 judgment was void. However, the 1998 revised contempt entry was never independently appealed. Neither was the transcript of the 1998 contempt proceeding provided to this court.
Thus, we have no way of knowing whether or not the 1998 contempt proceeding contained an oral motion to modify or perhaps even an agreement to modify the earlier 1992 consent judgment. By its very nature a consent judgment requires both parties' consent. Ohio law has recognized that where parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Spercel v. Sterling Industries,Inc., (1972), 31 Ohio St.2d 36, paragraph one of syllabus. Thus, it would seem reasonable, pursuant to the law of contracts, that both parties could agree on the record to an amendment of that same judgment. Hanly v. Riverside Methodist Hospitals
(1991), 78 Ohio App.3d 73, 79 citing Frengel v. Ports PetroleumCo. (Sept. 11, 1987), Trumbull App. No. 3790, unreported, 1987 WL 16922 (holding that a party to an existing contract may modify that contract only with the assent of the other party to the contract).
In order for this court to overturn the trial court's decision, we must find that the court abused its discretion. The majority opinion cites Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219 to define an "abuse of discretion" as an act that is unreasonable, arbitrary, or unconscionable. In determining whether an abuse of discretion exists, a reviewing court should presume that the trial court was correct. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 138. Nevertheless, the reasoning of the majority today fails to allow any presumption of correctness to the decision of the trial court presently under appeal.
Further, to ensure the fullest review, a party, pursuant to Civ.R. 52 may request that the trial court make findings of fact and conclusions of law. Rosier v. Rosier (Apr. 14, 1989), Trumbull App. No. 3959, unreported, at 2, 1989 WL 36271. It does not appear that appellant ever made such a request for a finding of fact subsequent to the trial court's entry of judgment. Nor did the record demonstrate that the 1998 entry was void.
Finally, it was appellant's job to make sure the record included color-coded maps. Miller-Finocchioli v. Mentor Landscapes Supply Co., Inc., (1993), 90 Ohio App.3d 815, 821 (holding that it is appellant's obligation to provide a record which exemplifies the claimed error). That being the case, I find no basis in the existing record for the conclusion that the majority has reached today, and I respectfully dissent.