In re Jeffrey/Diane SIEBERT, Debtors.

Farmers & Merchants State
Bank, Plaintiff,

v.

Jeffrey/Diane SIEBERT, Defendants.

Nos. 03–3101, 02–38257.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 21, 2003.

John P. Gustafson, Toledo, OH, for
Plaintiff.

Joseph W. Westmeyer, Jr., Toledo, OH,
for Defendants.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy
Judge.

This cause comes before the Court upon
the Plaintiff's Motion for Summary Judg-
ment and Memorandum in Support. In its
Motion, the Plaintiff raised one issue for
resolution: whether a finding of nondis-
chargeability entered through a consent
judgment in a prior bankruptcy case impli-
cates the doctrine of res judicata so as to
exclude that same debt from discharge in a
subsequent bankruptcy case? On this is-
sue, the Defendants/Debtors did not, with-
in the time frame set forth by Local Bank-
ruptcy Rule 9013–1(b), file a response to
the Plaintiff's Motion for Summary Judg-
ment.

On the issue raised by the Plaintiff, judi-
cial notice may be taken of these facts: (1)
in a previous bankruptcy case, the Honor-
able Walter J. Krasniewski signed a con-
sent judgment entry wherein the Debtors
agreed to the nondischargeability of a debt
owed to the Plaintiff; and (2) the instant
adversary complaint stems from a Chapter
7 petition filed by the Debtors on Decem-
ber 4, 2002. In addition, as it regards
these facts, it is not disputed that at the
time they filed their instant bankruptcy
case, the Debtors had failed to satisfy their

obligation as set forth in the consent judgment.

A consent judgment is defined as a "judgment, the provisions and terms of which are settled and agreed to by the parties to the action." *Kearns v. Chrysler Corp.*, 32 F.3d 1541 (Fed.Cir.1994). Given the consensual nature of such judgments, it is the general rule that, in the absence of fraud, consent judgments are, as between the parties, to be given preclusive effect with respect to the underlying cause of action. *Amalgamated Sugar v. NL Industries*, 825 F.2d 634, 640 (2nd Cir.1987), *cert. denied,* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). This rule has been applied by the Sixth Circuit Court of Appeals. For example, in *Schlegel Manufacturing Co. v. USM Corp.*, it was held that even though the degree of judicial involvement is different between a consent decree and a litigated result, the difference is not so consequential so as to justify different res judicata treatment. 525 F.2d 775, 780 (6th Cir.1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763 (1976). Similarly, in *Vulcan, Inc. v. Fordees Corp.*, the Sixth Circuit found that the important public interest of achieving finality in litigation was advanced by giving res judicata effect to consent decrees. 658 F.2d 1106, 1111 (6th Cir.1981), *cert. denied,* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982). The Supreme Court of Ohio has also given preclusive effect to consent judgments. *Horne v. Woolever*, 170 Ohio St. 178, 10 O.O.2d 114, 163 N.E.2d 378 (1959); *Sponseller v. Sponseller*, 110 Ohio St. 395, 144 N.E. 48 (1924).

As it pertains to the above, this Court, after reviewing the consent judgment entered by Judge Krasniewski, as well as the record of the Debtors' prior bankruptcy case, could not discern any irregularities, and none has been called to this Court's attention, which would suggest that any fraud was involved in the procurement of this judgment. Accordingly, based upon the standard set forth in Bankruptcy Rule 7056, judgment will be granted in the Plaintiff's favor. In reaching this conclusion, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of the Plaintiff, Farmers & Merchants State Bank, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the obligation set forth in the consent judgment entered by the Honorable Walter J. Krasniewski, in the Case of Farmers & Merchants State Bank v. Jeffrey and Diane Siebert (Case No. 96–3103), be, and is hereby, determined to be a NONDISCHARGEABLE DEBT on the same terms and conditions as set forth therein.