JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Luz Marie Acevedo ("Acevedo") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted a verified motion to enforce settlement agreement filed by appellee Thyssenkrupp Elevator ("Thyssenkrupp"), f.k.a. Dover Elevator Company. For the reasons adduced below, we affirm.
 {¶ 3} The following facts give rise to this appeal. Acevedo filed an action against Dover Elevator Company and Thyssenkrupp alleging that she sustained various personal injuries as a result of an elevator incident that occurred on October 16, 1997 at Cleveland Hopkins International Airport. Acevedo was a passenger on an elevator which allegedly failed to stop evenly and resulted in Acevedo falling from her wheelchair. The original action was filed in the Mahoning County Court of Common Pleas and was subsequently transferred to Cuyahoga County Court of Common Pleas, case number CV-414606.
 {¶ 4} After Acevedo failed to respond to certain discovery requests, failed to appear for her deposition, and otherwise failed to comply with discovery requests and orders, Thyssenkrupp filed a motion for summary judgment. Thereafter, Acevedo voluntarily dismissed her action, and subsequently refiled her complaint as case number CV-483927.
 {¶ 5} After Thyssenkrupp filed a motion to dismiss and request for sanctions against Acevedo, the parties orally agreed to settle the case for $1,000. Thyssenkrupp's counsel confirmed the parties' agreement to settle the case in a letter dated May 20, 2003. On May 21, 2003, Thyssenkrupp's counsel sent a final entry of dismissal with prejudice and full and final release to Acevedo's counsel. Despite repeated attempts to communicate with Acevedo's counsel regarding the status of the closing documents, Thyssenkrupp's counsel received no response.
 {¶ 6} Thyssenkrupp filed a verified motion to enforce settlement agreement and request for sanctions. Following a hearing, the trial court granted the motion. Acevedo has appealed the trial court's ruling, raising one assignment of error for our review:
 {¶ 7} "The trial court['s] ruling granting defendant-appellee's motion to enforce settlement was an abuse of discretion unsupported by law."
 {¶ 8} We first address the standard of review applicable to rulings on a motion to enforce settlement. Because it is an issue of contract law, Ohio appellate courts "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Continental W. Condo. Unit OwnersAss'n v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501. Accordingly, the question before us is whether the trial court erred as a matter of law in granting the motion to enforce.
 {¶ 9} Acevedo argues that she neither signed nor agreed to the settlement amount as evidenced by the lack of a signed agreement. This argument is without merit because a signed, written agreement is not required to have a valid settlement. As the Supreme Court of Ohio has held:
{¶ 10} "It is preferable that a settlement be memorialized inwriting. However, an oral settlement agreement may be enforceableif there is sufficient particularity to form a binding contract.Terms of an oral contract may be determined from words, deeds,acts, and silence of the parties.
 {¶ 11} "A contract is generally defined as a promise, or a setof promises, actionable upon breach. Essential elements of acontract include an offer, acceptance, contractual capacity,consideration (the bargained for legal benefit and/or detriment),a manifestation of mutual assent and legality of object and ofconsideration. A meeting of the minds as to the essential termsof the contract is a requirement to enforcing the contract.
 {¶ 12} "To constitute a valid settlement agreement, the termsof the agreement must be reasonably certain and clear, and ifthere is uncertainty as to the terms then the court should hold ahearing to determine if an enforceable settlement exists. * * *"
 {¶ 13} Kostelnik v. Helper (2002), 96 Ohio St.3d 1, 3-4
(internal quotes and citations omitted).
 {¶ 14} In this case, Thyssenkrupp's verified motion to enforce set forth that Acevedo agreed to accept its settlement offer of $1,000. A letter sent by Thyssenkrupp's counsel was attached to the verified motion and specified that under the agreement, Acevedo was to provide a final entry of dismissal and full and final release of all claims, including settlement, indemnification and confidentiality agreements. The letter also indicated that Acevedo was to provide a written release of the Medicare/Medicaid lien, that interest would not accrue on the agreed settlement amount, and that the defendants would pay statutory court costs only.
 {¶ 15} Acevedo's counsel does not dispute that on May 19, 2003, counsel was under the impression that Acevedo would agree to settle for $1,000. Although Acevedo asserts in her brief that she never agreed to the terms of the settlement, there is nothing in the record to support this assertion. Moreover, there is no evidence in the record indicating that Acevedo's counsel did not have authority to settle her claim.
 {¶ 16} Furthermore, Acevedo has not filed a transcript of the hearing, which the record reflects was held on the motion to enforce the settlement agreement. We are therefore unable to review whether there was any evidence presented to support Acevedo's assertions. See Miller-Finocchioli v. Mentor Landscapes Supply Co. (1993), 90 Ohio App.3d 815, 821.
 {¶ 17} It is an appellant's responsibility to provide the reviewing court with a trial transcript. App.R. 9. Even if a formal transcript was not available, Acevedo had the duty, pursuant to App.R. 9(C), to file a statement of the evidence with this court. Acevedo has not done this.
 {¶ 18} A reviewing court is limited to the trial court record. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Without a transcript, we must assume regularity in the trial court's proceedings. In Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held:
{¶ 19} "When portions of the transcript necessary forresolution of assigned errors are omitted from the record, thereviewing court has nothing to pass upon and thus, as to thoseassigned errors, the court has no choice but to presume thevalidity of the lower court's proceedings, and affirm."
 {¶ 20} In the absence of a transcript, Acevedo has failed to portray error in the trial court's finding.
 {¶ 21} We reiterate that terms of an oral contract may be determined from "words, deeds, acts, and silence of the parties."Kostelnik, 96 Ohio St.3d at 3. In this action, Acevedo was non-responsive to various discovery requests and when she was faced with a motion to dismiss and for sanctions, the record reflects that a settlement agreement was reached. Acevedo failed to respond to communications relating to the closing settlement documents and did not raise any objections to the terms of the settlement agreement. The actions and inactions of Acevedo could reasonably be viewed as an attempt to avoid an oral settlement agreement that had been reached.
 {¶ 22} On the limited record before us, we cannot say the trial court erred in the resolution of this matter. Accordingly, we agree with the trial court that a settlement in this case had been reached. The assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., concur.