JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiff-appellant, Maryann Ivanicky ("Ivanicky"), appeals the trial court's granting a motion to enforce settlement in favor of defendant-appellee, Herbert Pickus ("Pickus"). Finding merit to the appeal, we reverse and remand for an evidentiary hearing.
 {¶ 3} In April 2005, Ivanicky filed a lawsuit against Pickus for injuries she sustained in a motor vehicle accident with Pickus. The matter was referred to nonbinding arbitration in November 2005. The arbitrators found in favor of Ivanicky, awarding her $3,500. However, the arbitrators also found her 50% negligent in the accident. Thus, her award was reduced by 50%, making her total award $1,750.
 {¶ 4} Ivanicky appealed the arbitrators' decision and the matter was set for trial in April 2006. On March 31, 2006, Ivanicky's counsel contacted the court to advise that the parties had settled this matter and they would not proceed to trial on April 3, 2006. Based on this representation, the court removed the case from the active docket.
 {¶ 5} There was no activity on the docket for nearly two years until Pickus moved to enforce the settlement agreement in March 2008. He attached no *Page 4 
evidentiary material or affidavit setting forth the terms of the settlement. Ivanicky opposed the motion, arguing that no agreement had been reached between the parties. In May 2008, the court granted Pickus's motion, finding that Ivanicky's counsel had previously represented to the court that the parties had reached an agreement and there was no indication that there were any terms of the settlement which had not been finalized.
 {¶ 6} It is from this order that Ivanicky appeals, raising one assignment of error for our review, arguing that the trial court erred in granting Pickus's motion to enforce settlement.
 {¶ 7} Because the trial court's ruling on a motion to enforce settlement is an issue of contract law, Ohio appellate courts "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Acevedo v. Dover ElevatorCo., Cuyahoga App. No. 83987, 2004-Ohio-3958, ¶ 8, quotingContinental W. Condominium Unit Owners Assn. v. Howard E. Ferguson,Inc., 74 Ohio St.3d 501, 1996-Ohio-158, 660 N.E.2d 431. Thus, "the question before us is whether the trial court erred as a matter of law in granting the motion to enforce." Id.
 {¶ 8} Ivanicky argues that Pickus's motion to enforce the settlement agreement failed to include clear and convincing evidence that an oral *Page 5 
agreement had ever been reached and failed to include the terms of the purported settlement. She further argues that the court erred in failing to hold an evidentiary hearing because she disputed that a settlement agreement had ever been reached.
 {¶ 9} We note that written agreement is not required to have a valid settlement agreement. As the Supreme Court of Ohio in Kostelnik v.Helper, 96 Ohio St.3d 1, 3-4, 2002-Ohio-2985, 770 N.E.2d 58, stated:
 "It is preferable that a settlement be memorialized in writing. However, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract. Terms of an oral contract may be determined from words, deeds, acts, and silence of the parties. * * *
 `To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear * * *.'" (Internal citations omitted).
 {¶ 10} Furthermore, when parties to a lawsuit have entered into a settlement agreement, the trial court possesses the authority to enforce that settlement. Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34, 37,470 N.E.2d 902. "Accordingly, in the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence or the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement." Id.
 {¶ 11} In the instant case, Ivanicky's counsel advised the trial court that the parties had settled the matter and they would not proceed to trial on April 3, *Page 6 
2006. Counsel also advised the court that a detailed dismissal entry would follow. Based on these representations, the trial court canceled the trial and removed the case from the active docket. For over two years, Ivanicky did nothing to indicate that a settlement had not been reached, until she opposed Pickus's motion to enforce settlement.
 {¶ 12} Ivanicky claims that she never agreed to the terms of the settlement because there was no meeting of the minds. In her brief in opposition to Pickus's motion to enforce settlement, Ivanicky's counsel claimed that when he advised the court of the settlement he had "erroneously thought" that he was going to obtain from Ivanicky's insurance carrier the difference between what Pickus was offering and what Ivanicky would accept. He further stated that "[Ivanicky's] counsel was incorrect and no further money was forthcoming from [Ivanicky's] automobile carrier or from [Pickus]." Neither party, however, attached an affidavit or evidentiary material to establish the terms of the settlement.
 {¶ 13} If the terms of a settlement agreement are disputed or there is a dispute about the existence of a settlement agreement, the trial court must hold an evidentiary hearing prior to confirming the settlement.Rulli v. Fan Co., 79 Ohio St.3d 374, 1997-Ohio-3807. Because Ivanicky disputes the existence of a settlement agreement, the trial court must hold a hearing.
 {¶ 14} Thus, the sole assignment of error is sustained. *Page 7 
Judgment is reversed and the case is remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR. *Page 1