[Cite as *Capital Income & Growth Fund, L.L.C. v. Hanson*, 2016-Ohio-2973.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Capital Income and Growth Fund, LLC

    Appellee

v.

Charles Hanson

    Appellant

Court of Appeals Nos. L-15-1163
                    L-15-1153

Trial Court No. CVG-1500330

**DECISION AND JUDGMENT**

Decided:  May 13, 2016

* * * * *

Michael E. Carleton, for appellee.

Charles Hanson, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Charles Hanson, appeals from an April 14, 2015 consent judgment entry of the Sylvania Municipal Court granting judgment to appellee, Capital Income and Growth Fund, LLC, d/b/a Flex Property Management, and against appellant. Appellant appeals, setting forth the following assignments of error:

1.) The courts erred in that there was no service of a ninety-day notice as required by law for occupants of foreclosed homes. The notice was dated November 13, 2014 and was attached to the court eviction papers that were filed on March 8, 2015 but not signed by any one [sic] and never served to Appellant prior to that date, [sic] The filing for eviction should have been dismissed. This deprived Appellant of *Due process*. Protecting tenants at foreclosure act of 2009. [sic]

2.) On 4-14-15 Appellant reached an agreement with Appellee to extend the rental period in exchange for compensation in order to have the premises appraised for the purpose of setting a sale price of the home to the Appellant. At that time, Appellant paid Appellee and Appellee accepted one thousand dollars which effected a new rental agreement. *Id.*, citing *Summa Health Sys. v. Soinski* 9th district Summit No. 18459, 1999 WL 635726, *1 (Aug. 18, 1999). [sic]

3.) The courts erred in denying the Appellant[']s verbal motion for the Appellee to prove ownership of the property to show that Appellee had the authority to proceed with an eviction.

**{¶ 2}** Appellee filed a forcible entry and detainer action against Charles Hanson. Appellee had purchased the property at issue as a result of a sheriff's sale. Appellee alleged that appellant unlawfully and forcibly retained possession of the property. Appellee served notice to vacate the premises on appellant on November 13, 2014, and on February 19, 2015. He was directed to vacate the premises by February 24, 2015.

2.

{¶ 3} At a subsequent hearing, appellant asserts, he, appellee, and counsel discussed a settlement agreement outside of the courtroom. Appellant agreed to pay $1,000, obtain a pre-approval letter from a bank or mortgagor for the home, allow appellee access to the home for appraisal purposes in order to determine a purchase price for the home, and to submit an offer to purchase. Appellee agreed to allow appellant to stay in the home. Appellant further argues that appellee appraised the home on April 16, 2014, and emailed appellant a purchase agreement on April 19, 2015, to purchase the home for $80,000 in order to manipulate him into signing the consent judgment. Appellant asserts that he paid for a home inspection in anticipation of purchasing the home.

{¶ 4} However, appellant asserts that when counsel went into the courtroom, appellee committed fraud by requesting a consent judgment entry with a writ of restitution with no intention of allowing appellant to purchase the property. Appellant further asserts that he had no knowledge that he had signed the consent judgment giving appellee the right to possession of the property until he was notified that he would be removed from the premises on May 30, 2015.

{¶ 5} A consent judgment entry was entered April 14, 2015, but there was no entry that the judgment was served on appellant. Appellant was awarded possession of the premises, 3302 Zone Ave., Toledo, Ohio, and ordered a writ of restitution to be issued upon appellee's request. The writ was stayed for 30 days conditioned upon appellant paying $1,000 to appellee by April 14, 2015. On May 22, 2015, appellee filed a praecipe

3.

for a writ of restitution.  Appellant filed an appeal from the April 14, 2015 judgment on June 1, 2015.

{¶ 6} We have consolidated appellant's assignments of error on our review. Appellant's central argument is that he was fraudulently induced into signing the consent judgment.   He believed they had entered into a new rental agreement while he prepared to purchase the property.

{¶ 7} "A judgment entry to which the parties voluntarily agree and/or consent is essentially a contract between the parties."  *Deutsche Bank Natl. Trust Co. Americas v. Weber*, 12th Dist. Butler No. CA2009-10-264, 2010-Ohio-1630, ¶ 13. Therefore, a party to a consent decree cannot generally appeal the consent judgment.  *Id*. at ¶ 14; *King's Welding & Fabricating, Inc. v. King*, 7th Dist. No. 05-CA-828, 2006-Ohio-5231, ¶ 9; *Killa v. Killa*, 7th Dist. No. 03-MA-101, 2004-Ohio-566, ¶ 92.   An appeal is allowed if the party has expressly reserved the right to appeal a contested issue, *id*., the party disputes what matters are covered by the consent judgment, *King's Welding* at ¶ 17, or the party disputes the court's subject-matter jurisdiction, *Sponseller v. Sponseller*, 110 Ohio St. 395, 399-400, 144 N.E. 48 (1924); *Rosebrough v. Ansley*, 35 Ohio St. 107, 111 (1878).

{¶ 8} In this case appellant's claim of fraudulent inducement in the execution of the consent judgment cannot be addressed on appeal because it involves matters outside the appellate record.  Instead, appellant must rescind the agreement and seek relief from the consent judgment pursuant to Civ.R. 60(B).  *Berry v. Javitch, Block & Rathbone*,

4.

*L.L.P.*, 127 Ohio St.3d 480, 2010-Ohio-5772, 940 N.E.2d 1265, ¶ 1; *Sponseller*; *Sleepy Hollows, Inc. v. Ottawa Cty. Bd. of Commrs.*, 6th Dist. Ottawa No. 89-OT-50, 1991 WL 82980, *6 (May 17, 1991).

{¶ 9} Furthermore, it is clear the function of the consent judgment entry was to settle the claims of appellee against appellant and was not a new rental contract. Furthermore, there was no reservation to appeal included in the consent decree. Therefore, appellant cannot appeal the merits of appellee's underlying case.

{¶ 10} Accordingly, we find all of appellant's assignments of error not well-taken. Appeal dismissed and appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Appeal dismissed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                           _____
                                               JUDGE
Arlene Singer, J.

Stephen A. Yarbrough, J.                    _____
CONCUR.                                             JUDGE

                                               _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.