DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, in which the trial court granted a divorce to appellant, Linda P. Burns, and appellee, Rex E. Burns, approved the parties' agreed division of marital property, and ordered appellee to pay appellant spousal support in the amount of $1,500 per month until appellant's 65th birthday. On appeal, appellant sets forth the following assignment of error: *Page 2 
 {¶ 2} "The trial court abused its discretion by terminating spousal support upon appellant's 65th birthday."
 {¶ 3} The relevant, undisputed facts are as follows. Appellant and appellee were married on May 11, 1990. No children were born to the couple. On June 11, 2004, appellant filed a complaint for legal separation. On June 29, 2004, appellee filed an answer and counterclaim for divorce. A hearing was held before a domestic relations magistrate, on the issue of temporary support. After considering testimony by both parties, and reviewing the factors set forth in R.C. 3105.18(C), appellee was ordered to pay temporary spousal support in the amount of $1,100 per month. While the divorce was pending, the parties came to an agreement concerning the division of marital property and occupancy of the marital home. On June 21, 2005, a hearing was held before the magistrate on the remaining unresolved issue of permanent spousal support. Testimony was presented at the hearing by both parties.
 {¶ 4} Appellant testified at the hearing that she has only a tenth grade education, and is unable to work due to painful degenerative joint disease and osteoarthritis. Appellant further testified that she became disabled during the marriage, and she and appellee decided that she should stop working. Appellant stated that her living expenses at the time of the hearing were between $1,200 and $1,800 per month. In addition, she would have to pay for health insurance after the divorce in the amount of $300 per month. Appellant further stated that she would be 65 years old on May 7, 2008; however, she was willing to apply for early social security benefits at age 62. In addition, *Page 3 
although she had applied for disability benefits, no decision had been made as to her eligibility.
 {¶ 5} Appellee testified at the hearing that his income in 2004, was $63,000. Appellee stated that he was currently living in a rented trailer with his girlfriend and that, if he moved back into the marital home, his monthly expenses of $1,400 would likely increase.
 {¶ 6} On August 31, 2006, the magistrate issued a decision in which he found that appellant is unable to work due to her disability. The magistrate also found that, based on the parties' education and relative earning abilities, appellee should pay appellant spousal support of $600 per month. The support order was made subject to the court's continuing jurisdiction to modify its provisions upon a showing of changed circumstances. In addition, the magistrate stated:
 {¶ 7} "This order shall terminate on plaintiffs 65th birthday. Any overpayments by defendant as a result of the delay in the decision shall be credited toward the end of defendant's spousal support obligation, i.e., towards his final payments as plaintiff approaches her 65th birthday."
 {¶ 8} On September 13, 2006, appellant filed objections to the magistrate's decision. Specifically, appellant objected to the magistrate's findings as to the parties' respective income and expenses, the spousal support award of $600 per month, and provision for a "credit" to be issued to appellee for any "over-payment" of temporary spousal support. *Page 4 
 {¶ 9} On January 17, 2007, a hearing was held on appellant's objections in the trial court. Both parties presented testimony at the hearing. Appellant testified that she was, at that time, receiving $548 per month in Social Security benefits; however, her claim for disability still had not been adjudicated. Appellant also testified that, since the last hearing, she had moved out of the marital home and was renting a mobile home for $340 per month. Appellee testified that, since the last hearing, his girlfriend had given birth to a daughter with serious medical problems. Appellee also testified that, due to stress caused by his child's illness, his work hours and salary were reduced. Appellee stated that, in spite of his financial difficulties, he would like to retire in two years at age 62.
 {¶ 10} On June 12, 2007, the trial court issued a decision on the issue of spousal support. After reciting the circumstances of the parties, including the agreed-upon property settlement and their respective ages, education, earning ability, expenses, and incomes, the trial court ordered appellee to pay appellant permanent spousal support in the amount of $1,500 per month, effective July 1, 2007. The trial court further stated that it "retains jurisdiction over the issue of spousal support, both as to duration and amount." On August 3, 2007, the trial court issued a "nunc pro tunc" decision, in which it revised the June 12 decision as follows:
 {¶ 11} "Plaintiff is awarded permanent spousal support in the sum of $1,500 per month, effective July 1, 2007. The award of spousal support shall terminate on May 7, 2008, which is Plaintiffs 65th birthday. The temporary spousal support award issued by *Page 5 
the Magistrate of $1,100 per month commenced September 1, 2004. The Court retains jurisdiction over the issue of spousal support both as to duration and amount.
 {¶ 12} "Counsel for Plaintiff shall prepare a final decree of divorce, incorporating the decision of the Magistrate (except spousal support), the stipulations and agreements of the parties, and Court's foregoing decision on spousal support. * * *"
 {¶ 13} A "Consent Judgment Entry and Final Decree of Divorce" was filed on August 30, 2007.[1] A timely notice of appeal was filed on September 26, 2007.
 {¶ 14} Appellant asserts in her assignment of error that the trial court abused its discretion in this case, by terminating the spousal support award on her 65th birthday. In support, appellant argues that she is over 60 years old, and is permanently disabled and unable to support herself. Appellant also argues that no evidence was presented to support termination of the award when appellant reaches any particular age.
 {¶ 15} Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion [under this rule]." Accordingly, "[a]n appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Lefort v. Century21-Maitland Realty Co.(1987), 32 Ohio St.3d 121, 123. *Page 6 
 {¶ 16} As set forth above, the record shows that the magistrate's decision on August 31, 2006, stated that the spousal support award of $600 per month was to terminate on May 7, 2008, which coincides with appellant's 65th birthday. Although appellant filed timely objections to the magistrate's decision challenging the amount of the spousal support award, she did not challenge the termination of the award. Accordingly, appellant has waived that issue for purposes of this appeal.
 {¶ 17} We are aware that, in rare cases, Ohio courts recognize that a party's failure to object pursuant to Civ.R. 53(D) does not bar review for plain error. Seaburn v. Seaburn, 5th Dist. No. 2004CA00343,2005-Ohio-4722, ¶ 46, citing In re Lemon, 5th Dist. No. 2002 CA 0098, 2002-Ohio-6263. (Other citations omitted.) However, those cases are limited to situations in which the error "`rises to the level of challenging the legitimacy of the underlying judicial process itself" Id., quoting Goldfuss v. Davidson, 79 Ohio St.3d 116, 122. In this case, the standard of review is abuse of discretion. Bishman v. Bishman, 4th Dist. No. 07CA30, 2008-Ohio-1394, ¶ 7; Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. As set forth above, both the magistrate and the trial court heard evidence as to the length of the parties' marriage, their financial conditions, level of education, and their health status. In addition, appellant testified that she expected to receive Social Security disability benefits in the future, and that she would eventually be eligible for Medicare coverage and full Social Security income benefits, while appellee testified that his expenses would increase after he moved back into the marital home. Under these circumstances, we cannot say that the trial court abused its discretion by adopting the magistrate's decision to terminate spousal support on appellant's 65th *Page 7 
birthday, or that the legitimacy or integrity of the judicial process has been undermined in this case. Appellant's sole assignment of error is not well-taken.
 {¶ 18} The judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J, CONCUR.
[1] The Consent Judgment Entry incorrectly stated that spousal support was to terminate on "the Defendant's [appellee's]" birthday. That error was not raised by either party on appeal. *Page 1