DECISION AND JUDGMENT
{¶ 1} This is an appeal from an amended judgment of the Ottawa County Court of Common Pleas. On April 11, 2007, a final divorce hearing was conducted. The magistrate awarded appellant a Port Clinton rental property and awarded appellee $20,407.50, the equivalent of a one-half marital share in the property's equity value. The magistrate further apportioned the parties' respective liabilities for the household credit *Page 2 
card debt. In an amended judgment entry, rejecting appellant's objections, the trial court adopted the magistrate's decision in its entirety. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} "1. The Trial Court erred in awarding defendant-appellee $20,407.50 as a one-half marital share of the rental property owned by plaintiff-appellant prior to the marriage.
 {¶ 4} "2. The Trial Court erred in requiring defendant-appellee to pay only $4,865.00 as her share of the $11,730.00 credit card debt and requiring plaintiff-appellant to pay the balance."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On June 8, 2006, appellant filed a divorce complaint against appellee. On April 11, 2007, the trial court magistrate conducted the final case hearing. At the hearing, the parties stipulated that a Port Clinton rental property ("rental property") had a fair market value of $120,000, a mortgage of $79,185.48, and $40,814.52 of equity.
 {¶ 6} At this final hearing, the parties also stipulated to possessing approximately $11,730 in total credit card debt. Earlier in the course of the case, the parties had tentatively agreed to split the credit card debt on an equal basis. Nevertheless, despite this prior understanding, the magistrate determined appellee's share of the credit card debt to be $4,865 and ordered appellant to pay the remaining $6,865 balance, plus any accrued late fees or interest charges. The magistrate crafted this somewhat uneven credit card *Page 3 
debt apportionment in light of appellant's failure to provide appellee with the credit card statements in a timely manner. No justification for this lapse was furnished.
 {¶ 7} Regarding the rental property asset, the magistrate awarded title to appellant and compensated appellee in an amount of $20,407.50, equivalent to a one-half marital share in the property's equity. On June 9, 2008, the trial court found all the magistrate's orders to be supported by credible evidence in the record and adopted the judgment accordingly. On July 3, 2008, the trial court rejected appellant's objections and affirmed the magistrate's decision in its entirety. It is from this judgment that appellant now appeals.
 {¶ 8} In the first assignment of error, appellant argues that the trial court erred in awarding appellee $20,407.50 as a one-half marital share in the rental property. In support, appellant argues that the trial court erred in classifying the rental property as marital property, pursuant to R.C. 3105.171, and that appellant should have been awarded the entire $40,814.52 as separate property.
 {¶ 9} It is well-settled that "review of a trial court's division of marital property is governed by the abuse of discretion standard."Raff v. Raff 5th Dist. No. 2004-CA-00251, 2005-Ohio-3348, ¶ 21, citingMartin v. Martin (1985), 18 Ohio St.3d 292. The Supreme Court of Ohio has determined an abuse of discretion requires "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, "[t]he trial court's characterization of property as separate or marital will not be reversed *Page 4 
* * * absent an abuse of discretion." Peck v. Peck (1994),96 Ohio App.3d 731, 734. In conjunction with this standard, the Supreme Court of Ohio has long recognized that domestic relations courts have "broad discretion to determine what property division is equitable in a divorce proceeding." Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph two of the syllabus. Accordingly, "[t]he mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Id.
 {¶ 10} Pursuant to R.C. 3105.171(A)(3)(a)(i), marital property consists of "real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both * * * during the marriage." Conversely, separate property includes "real or personal property * * * that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii). Under these statutory parameters, the party seeking to classify property as separate bears "the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Peck v. Peck (1994),96 Ohio App.3d at 734.
 {¶ 11} In conjunction with the above applicable legal principles, it is well-settled that "under certain circumstances separate property may be converted to marital property when it is commingled with marital property." Id. However, pursuant to R.C. 3105.171(A)(6)(b), "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property * * * except when the separate property is not traceable." *Page 5 
 {¶ 12} Accordingly, "traceability is the focus when determining whether separate property has lost its separate character after being commingled with marital property." Rash v. Rash, 6th Dist. No. F-04-016, 2004-Ohio-6466, ¶ 29, citing Peck, supra.
 {¶ 13} In determining what constitutes marital or separate property, the transmutation doctrine considers: "(1) the expressed intent of the parties * * *; (2) the source of the funds, if any, used to acquire the property; (3) the circumstances surrounding the acquisition of the property; (4) the dates of the marriage, the acquisition of the property, the claimed transmutation, and the breakup of the marriage; (5) the inducement for and/or purpose of the transaction which gave rise to the claimed transmutation; and (6) the value of the property and its significance to the parties." Kuhen v. Kuhen (1988), 55 Ohio App.3d 245,246. However, following the enactment of R.C. 3105.171, the transmutation doctrine is no longer applicable "unless the financial history of an asset cannot be traced * * *." Cataline v. Cataline (Nov. 5, 1993), 6th Dist. No. S-93-10. Thus, this court has emphasized that "under [R.C. 3105.171(A)(6)(b)], the key is the traceability of the property." Landphair v. Landphair (July 26, 1996), 6th Dist. No. H-96-005.
 {¶ 14} Appellant argues that the trial court's characterization of the rental property as marital, rather than separate, constitutes an abuse of discretion. In support, appellant argues that the titling of the rental property in both parties' names on the mortgage was insufficient to effect a transmutation or commingling of the property from separate to marital. In further support, appellant argues that the trial court was presented with *Page 6 
evidence that appellant used $80,000 of appellant's own funds as a down payment on the rental property.
 {¶ 15} The record shows, and the trial court expressly noted, that appellant offered no documentation or evidence of any kind tracing any actual or claimed payments to the down payment on the rental property. The Supreme Court of Ohio has determined that this court "is not free to merely substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct." Focke v. Focke (1992), 83 Ohio App.3d 552, 555, citing In reJane Doe 1 (1991), 57 Ohio St.3d 135, 138. The record clearly shows that the trial court thoroughly reviewed and considered the proper factors pertaining to the transmutation of the property from separate to marital property. As such, this court cannot say that the trial court abused its discretion in determining that the rental property constituted marital property and awarding appellee $20,407.50 as a one-half marital share. Appellant's first assignment of error is not well-taken.
 {¶ 16} In the second assignment of error, appellant argues that the trial court erred in requiring appellant to pay $6,865 of the parties' $11,730 marital credit card debt. In support, appellant argues that the trial court erred in failing to abide by the parties' prior agreement that each party would make equal payments. Appellant asserts that the trial court lacked sufficient supporting evidence warranting anything other than an equal division of the credit card debt. *Page 7 
 {¶ 17} The record shows, and counsel for appellant concedes, that appellee did not always have timely access to the credit card statements. Thus, the trial court determined that appellant should pay a somewhat larger share of the couple's shared debt than appellee.
 {¶ 18} "It is fundamental that in a domestic relations action the court is given broad discretion to fashion a decree that is equitable upon the facts and circumstances of each case." Guziak v. Guziak (1992),80 Ohio App.3d 805, 811, citing Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Teeter v. Teeter (1985), 18 Ohio St.3d 76. It is well-settled, that while a trial court "is obligated to make a division based on principles of equitable distribution * * * [t]his does not necessarily mean equal distribution, only fair and equitable distribution."Walther v. Walther (1995), 102 Ohio App.3d 378, 382.
 {¶ 19} This court has carefully reviewed the record. The record shows that appellant sometimes failed to provide appellee with the credit card statements. As a result, late fees were incurred. Moreover, the record shows that appellant, by his own testimony, could not explain, or deny, the failure to provide appellee with the relevant statements in a timely manner. This court cannot find that the trial court's apportionment of the couple's shared credit card debt constitutes an abuse of discretion. Appellant's second assignment of error is not well-taken.
 {¶ 20} On consideration whereof, this court finds that the trial court did not abuse its discretion in making a property division upon divorce. The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this *Page 8 
appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparation for the record, fees allowed by law, and the fee for filing in the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., and Thomas J. Osowik, J., concur. *Page 1