[Cite as *Rohlman v. Rohlman*, 2018-Ohio-1543.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Veronica Rohlman                                    Court of Appeals No. L-17-1204

        Appellee                                    Trial Court No. DR2009-0097

v.

Joshua Rohlman                                      **DECISION AND JUDGMENT**

        Appellant                                   Decided:  April 20, 2018

* * * * *

Erik Wineland, for appellee.

Gary L. Smith, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Joshua Rohlman, appeals the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, awarding appellee, Veronica Rohlman, the sum of $102,981.97 "as and for spousal support" after finding appellant in

contempt for failing to comply with the terms of the parties' final judgment entry of divorce.

## A. Facts and Procedural Background

{¶ 2} The facts in this case are not in dispute. The parties were divorced on April 28, 2010. The final judgment entry of divorce, which was agreed upon by the parties, contains two provisions that are relevant to this appeal. First, the entry states: "Neither party shall pay spousal support to the other and this provision shall be non-modifiable." The second relevant provision provides, in pertinent part:

> In the event of a monetary recovery by [appellant] as a result of the injuries he sustained on or about January 1, 2009, [appellee] shall be entitled to a portion of that recovery as follows:
>
> a. * * *
>
> b. If [appellant's] gross recovery is less than $500,000, [appellee] shall receive 18% of the gross recovery as and for spousal support, loss of services, and as a full and complete division of property.

{¶ 3} On November 25, 2015, appellee filed a motion to show cause in light of appellant's failure to pay her 18 percent of the $425,000 settlement he received as a result of the aforementioned injuries. The matter proceeded to a hearing before a magistrate who, on June 15, 2017, found appellant in contempt of the court's final judgment entry of divorce for failing to pay appellee $76,500, which represented her 18 percent share in appellant's gross recovery from his lawsuit. Additionally, the magistrate awarded

2.

appellee $25,000 in attorney fees and $1,481.97 as litigation expenses, for a total award of $102,981.97. In its entry, the magistrate stated that appellee was awarded $102,981.97 "as and for spousal support." The trial court subsequently adopted the decision in its entirety.

{¶ 4} Four days later, appellant filed his objections to the magistrate's decision, in which he argued that the trial court had no jurisdiction to characterize its award as spousal support because the final judgment entry of divorce specifically provided that no spousal support would be awarded and that the spousal support issue was not modifiable. Appellant also took issue with the trial court's classification of attorney fees and litigation expenses as spousal support under R.C. 3105.73.

{¶ 5} Upon review, the trial court issued its decision denying appellant's objections on July 19, 2017. Appellant's timely notice of appeal followed.

## B. Assignment of Error

{¶ 6} On appeal, appellant assigns the following error for our review:

The Trial Court Erred by Converting an Unpaid Property Settlement, Attorney Fees, and Court Costs into Spousal Support in Direct Contravention of O.R.C. Sections 3105.18 and 3105.73.

## II. Analysis

{¶ 7} In his sole assignment of error, appellant contends that the trial court ran afoul of R.C. 3105.18 and 3105.73 when it classified its $102,981.97 award as spousal support.

3.

**{¶ 8}** An appellate court will not reverse the decision of a lower court in a contempt proceeding absent a showing of an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981), citing *Cady v. Cleveland Worsted Mills Co.*, 126 Ohio St. 171, 184 N.E. 511 (1933). The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** Appellant does not contest the trial court's contempt finding, nor does he challenge the amount of the court's award. Rather, appellant's argument is limited to the classification of the award as spousal support. First, appellant asserts that the trial court improperly modified the final judgment entry of divorce by ordering him to pay spousal support, where the divorce entry stated that no such spousal support would be ordered and that the spousal support prohibition was non-modifiable.

**{¶ 10}** Relevant here, R.C. 3105.18 provides, in pertinent part:

(B) In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party.

* * *

(E) If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of

divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 11} Referencing R.C. 3105.18(E)(1), appellant insists that the trial court had no jurisdiction to award spousal support to appellee upon its finding of contempt. We find no merit to this argument. By its express terms, R.C. 3105.18(E)(1) applies to "a continuing order for periodic payments of money as spousal support." There is no such order contained in the final judgment entry of divorce, and the trial court did not order appellant to make periodic payments of money to appellee as spousal support. Thus, R.C. 3105.18(E)(1) is inapplicable in this case.

{¶ 12} Further, we disagree with appellant's assertion that the trial court modified its prior entry. Indeed, the entry directed appellant to pay appellee 18 percent of the gross proceeds of his settlement, which amounts to $76,500. The entry stated that this payment would be made to appellee "as and for spousal support, loss of services, and as a full and complete division of property." When appellant failed to make the required payment, he was found in contempt and the court simply ordered appellant to comply with the divorce

5.

entry by making the $76,500 payment, along with attorney fees and court costs that appellee incurred as a result of appellant's noncompliance with the divorce entry, as and for spousal support.

{¶ 13} Appellant challenges the court's classification of its award as spousal support because the divorce entry included a provision that disallowed spousal support. However, as noted above, the entry also provided for the 18 percent payment and treated it as, inter alia, spousal support. Given these conflicting provisions, we find that the divorce entry, which appellant drafted, is ambiguous. On that issue, appellant asserts, with no supporting evidence, that the language "as and for" was really intended to mean "in lieu of."

{¶ 14} "'A judgment entry to which the parties voluntarily agree and/or consent is essentially a contract between the parties.'" *Capital Income & Growth Fund, LLC v. Hanson*, 6th Dist. Lucas Nos. L-15-1163, L-15-1153, 2016-Ohio-2973, ¶ 7, quoting *Deutsche Bank Nat'l Trust Co. Ams. v. Weber*, 12th Dist. Butler No. CA2009-10-264, 2010-Ohio-1630, ¶ 13. "[I]t is axiomatic that contracts * * * are construed against the drafter." *Cranberry Fin., LLC v. S&V Partnership*, 186 Ohio App.3d 275, 2010-Ohio-464, 927 N.E.2d 623, ¶ 11 (6th Dist.). "In other words, he who speaks must speak plainly or the other party may explain to his own advantage." *McKay Mach. Co. v. Rodman*, 11 Ohio St.2d 77, 80, 228 N.E.2d 304 (1967).

{¶ 15} Construing the ambiguity within the divorce entry against appellant, we find that the trial court properly classified its award as spousal support. Appellant's

6.

suggestion that the 18 percent payment was to be made to appellee in lieu of spousal support amounts to a complete modification of the divorce entry's language for appellant's benefit, in violation of the aforementioned principle that ambiguous contracts are to be construed against the drafter.

{¶ 16} Next, appellant argues that the trial court erred in ordering him to pay spousal support without first considering the spousal support factors under R.C. 3105.18(C)(1), which provides:

> (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
>
> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;

7.

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

8.

{¶ 17} Regarding the $76,500 payment appellant was ordered to pay appellee pursuant to the terms of the divorce entry, we find that the foregoing spousal support factors are inapplicable because the spousal support was agreed upon by the parties in the divorce entry. *See Thomas v. Thomas*, 5 Ohio App.3d 94, 100, 449 N.E.2d 478 (5th Dist.1982) ("R.C. 3105.18 directs the procedures to be followed by the trial courts in contested proceedings and is not applicable to uncontested proceedings where the parties have stipulated an 'in-court' settlement."); *Van Hoose v. Van Hoose*, 2d Dist. Champaign No. 99CA18, 2000 Ohio App. LEXIS 1536, *7 (Apr. 7, 2000) (stating that "a trial court is not required to consider the factors set forth in R.C. 3105.18(C) where the parties have stipulated to an in-court settlement agreement").

{¶ 18} As to the trial court's award of attorney's fees and litigation expenses to appellee, R.C. 3105.73 provides, in part:

(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

* * *

9.

(D) Nothing in this section prevents an award of attorney's fees and litigation expenses from being designated as spousal support, as defined in section 3105.18 of the Revised Code.

{¶ 19} "When attorney fees are awarded as spousal support, the trial court must consider the factors of R.C. 3105.18(C)." *Bils v. Bils*, 6th Dist. Wood No. WD-09-026, 2009-Ohio-6679, ¶ 41, citing *Forbis v. Forbis*, 6th Dist. Wood Nos. WD-04-056, WD-04-063, 2005-Ohio-5881, ¶ 83. A trial court's determination concerning an award of attorney fees as spousal support is reviewed for an abuse of discretion. *Id.* at ¶ 41, citing *Rash v. Rash*, 6th Dist. Fulton No. F-04-016, 2004-Ohio-6466, ¶ 53.

{¶ 20} The record in this case belies appellant's assertion that the trial court failed to consider the equitable factors contained in R.C. 3105.18(C)(1) and 3105.73(B). In its order overruling appellant's objections to the magistrate's decision, the trial court noted several facts that support its classification of the attorney's fees and litigation expenses as spousal support. Specifically, the court found that appellant was aware that he owed appellee money, yet he purchased a home, removed significant amounts of money from his bank accounts during the pendency of this case, and spent what the court described as an "inordinate amount of money" less than one month after appellee filed her motion to show cause. Despite his clear obligation to pay appellee her share of his settlement proceeds, appellant chose to withhold the funds, forcing appellee into extensive litigation. Given appellant's contemptuous conduct in this case, we find that the trial court's award

10.

of attorney's fees and litigation expenses was equitable and its classification of those fees and expenses was not an abuse of discretion.

{¶ 21} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 22} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.